UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERTO QUIALA FERNANDEZ,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. C26-3096-SKV

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Alberto Quiala Fernandez is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He filed, through counsel, this 28 U.S.C. § 2241 habeas action, asserting his immigration detention has become effectively indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Dkt. 8 at 3-4. He seeks release from custody and injunctive relief related to future redetention and third-country removal. *Id.* at 4, 30-31. Government Respondents filed a return in which they essentially concede the merits of Petitioner's claim under *Zadvydas*, but argue that Petitioner's requests for injunctive relief should be denied. Dkt. 11 at 1-2, 4. Respondents filed an accompanying declaration from U.S. Department of Homeland Security ("DHS") Deportation Officer Kurtis Reed (Dkt. 12) ("Reed Decl."). Petitioner filed a traverse in reply. Dkt. 13.

Having reviewed the parties' submissions and the governing law, the Court GRANTS in part the petition (Dkt. 8) for the reasons set forth below.

## I. BACKGROUND

This is Petitioner's second habeas petition challenging his current immigration detention. In *Quiala Fernandez v. ICE*, No. 2:26-CV-00043-LK, Dkt. 15 (W.D. Wash. Mar. 4, 2026) ("*Quiala Fernandez I*"), the Honorable Lauren King denied Petitioner's first habeas petition without prejudice. The Court incorporates by reference the factual summary of Petitioner's immigration-related history from *Quiala Fernandez I*, but provides a brief summary here.

Petitioner is a native and citizen of Cuba. *Id.* at 2. In 2013, he was paroled into the United States, which expired in 2015. *Id.* Petitioner's current detention stemmed from his February 2025 attempt to enter Canada. *Id.* He was taken into DHS custody and then to the NWIPC. *Id.*

In October 2025, an immigration judge denied Petitioner's applications for relief from removal and ordered him removed to Cuba. *Id.* at 3.

Petitioner filed his Petition in *Quiala Fernandez I* on January 5, 2026, arguing that his detention has become excessive under *Zadvydas*. *Id.* (citations omitted).

On February 11, 2026, Petitioner withdrew his appeal with the BIA, which had the legal effect of shifting his detention authority to 8 U.S.C. § 1231(a)(2) and triggering mandatory detention during the 90-day removal period. *Id.* at 3, 5. Accordingly, because he fell within that removal period, his habeas claim under *Zadvydas* was denied as premature. *Id.* at 6. The court did not reach Petitioner's third-country removal claims raised for the first time in reply. *Id.* The court acknowledged that Petitioner "may file another habeas petition" if he is "not removed

within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite[.]" *Id.* at 7.

On April 24, 2026, ICE Office of Enforcement and Removal ("ERO") informed Petitioner that Cuba had not accepted him for repatriation. Reed Decl., ¶ 8. The same day, ERO began "working on" Ecuador as a possible third country for Petitioner's removal. *Id.* ¶ 9. As of September 16, 2026, Officer Reed asserts that "there is no update on Ecuador or any other country for third country removal for Petitioner." *Id.* ¶ 11.

On September 2, 2026, Petitioner filed the instant petition. Dkt. 8.

## II. LEGAL STANDARD

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas*, 533 U.S. at 687. A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). A petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

As noted, Respondents acknowledge that Petitioner is likely entitled to release under *Zadvydas*, citing this Court's prior decision in *Borroto v. Blanche*, 2026 WL 2624087, at *3 (W.D. Wash. July 2, 2026). Dkt. 11 at 2. However, Respondents contend that Petitioner's requests for injunctive relief should be denied. *Id.* at 8.

### A. *Zadvydas* and Indefinite Detention

Section 1231(a) governs the detention and release of noncitizens such as Petitioner who have been ordered removed, and it provides that DHS is required to detain a noncitizen during

the 90-day "removal period." 8 U.S.C. § 1231(a)(2). After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. *See* 8 U.S.C. § 1231(a)(6). Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely. *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States. *See id.* at 701. The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id*. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id*. If the government is unable to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

Here, Petitioner's detention has exceeded the six-month presumptively reasonable period. As of the date of this Order, Petitioner's post-final-order period of removal is approaching eight months. Petitioner has also shown that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. There is no dispute that Petitioner is unlikely to be removed to Cuba—the country of removal listed on Petitioner's removal order. Respondents acknowledge that Cuba refused to accept Petitioner. And other than Officer Reed's assertion that ERO is "working on" Ecuador, Reed Decl., ¶ 9, there is no evidence that

Petitioner's removal to any country is significantly likely to occur in the reasonably foreseeable future.

The Court therefore finds that Petitioner has satisfied his burden under *Zadvydas*, the Government has failed to rebut that showing, and Petitioner's detention under the INA has become unreasonably indefinite. Petitioner is entitled to habeas relief. *Zadvydas*, 533 U.S. at 699-700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Release is the appropriate remedy. *See, e.g.*, *Yuksek v. Bondi*, C26-2555-DGE-GJL, 2026 WL 60364, at *4 (W.D. Wash. Jan. 8, 2026).

**B. Remaining Claims and Injunctive Relief**

Petitioner asserts what he characterizes as a "procedural due process" claim, discussing the three-part test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. 8 at 25-26. Petitioner does not develop a factual record beyond summarily concluding the *Mathews* factors are satisfied in his favor. *Id.* To the extent Petitioner intended to challenge his detention under *Mathews*, it is denied as unbriefed and likely mooted by the relief granted under *Zadvydas* above.

Finally, Petitioner seeks to enjoin the Government from (1) redetaining him in the future without satisfying various criteria and (2) removing him, or seeking his removal, to a third country without notice and a meaningful opportunity to respond in compliance with "the statute and due process in reopened removal proceedings." *Id*. at 30. He also seeks an injunction prohibiting his removal to any third country where he is "likely to face imprisonment or other punishment upon arrival." *Id.*

Permanent injunctive relief requires a petitioner to "demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between

the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006).

Turning to Petitioner's request to enjoin any future redetention, the Court finds it notable that Petitioner concedes that he "does not allege that his current detention [was] a result of an illegal redetention." Dkt. 8 at 9. Nevertheless, "he includes [a] following discussion [regarding redetention] because it is a necessary prerequisite to seeking that injunction." *Id.* Petitioner then cites a number of Western District of Washington cases that have "issued injunctions against re-detention without due process after applying the *Mathews* factors." *Id.* at 11. The Court will not find Petitioner faces a risk of future similar harm based on general citations to other habeas petitioners. *See Aucatoma* v. *Hernandez*, 2026 WL 1265541, at *9 (W.D. Wash. May 8, 2026). Petitioner's request is therefore denied.

As for Petitioner's request to enjoin his possible third-country removal, he asserts numerous challenges to the government's third-country removal statutes, policies, and practices. *See* Dkt. 8 at 15-23, 26-29. In essence, Petitioner asserts that it is "reasonably likely" that the Government will seek his removal to a "third country without complying with their regulatory and constitutional obligations to provide Petitioner with notice and an opportunity to be heard." *Id.* at 27.

The Court observes that Petitioner does not appear to challenge the government's conduct regarding his potential third-country removal thus far. *See generally* Dkt. 8. The record shows that the Government has been considering Ecuador as a possible third-country removal location since April 24, 2026. Reed Decl., ¶ 8. Officer Reed also asserts that ERO told Petitioner to

"consider Ecuador, Venezuela, and Mexico, as potential countries for third country removal." *Id.*

And although Petitioner devotes many pages in his petition and reply to challenging the Government's third-country removal scheme as a whole, he does not challenge any of that process thus far in the context of his individual circumstances. *See generally* Dkts. 8, 13. He does not, for example, assert that the Government failed to give him adequate notice of his potential third-country removal to Ecuador, Venezuela, or Mexico, or that he is likely to face punishment or torture should he be removed to any of those countries. Moreover, the fact that Petitioner was able to assert various third-country claims in a second habeas petition filed in this Court *without* injunctive relief arguably undermines Petitioner's claim that a court order is necessary to prevent future irreparable harm. Without more, the Court denies Petitioner's request for injunctive relief regarding his third-country removal.

Nothing from this Court's Order prevents Petitioner from seeking relief in the future, should he deem it necessary.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part the habeas petition (Dkt. 8) and ORDERS that, pursuant to *Zadvydas v. Davis*, Petitioner SHALL be RELEASED from immigration detention within 24 hours on conditions consistent with federal law and regulations. Respondents shall file a notice with the Court within 48 hours that Petitioner has been released. Petitioner's redetention claim under *Mathews* is DENIED. Petitioner's requests for injunctive relief are DENIED without prejudice. Finally, any fee petition shall be filed within the deadlines

/ / /

/ / /

set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 7th day of October, 2026.

S. KATE VAUGHAN
United States Magistrate Judge